HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STUART J HARRIS,

    Plaintiff,

v.

KEVIN D MCLEOD, et al.,

    Defendants.

CASE NO. C15-5392 RBL

ORDER DENYING APPLICATION TO PROCEED IFP

THIS MATTER is before the Court on Plaintiff Stuart Harris's proposed complaint and application to proceed *in forma pauperis* [Dkt. #1]

Harris's 107 page complaint is difficult to read, but its central allegation appears to be that he was evicted from the Granada Apartments on January 19, 2010. He claims the Granada's owner and manager evicted him without serving the legal papers on him, in violation of the Constitution and a variety of state statutes. He seeks "$118,051.76," but the primary item of damage he repeatedly references is defendants' failure to return his security deposit. He also claims that the Granada's owners have "for years" been (falsely) claiming to be an "INACTIVE for PROFIT" corporation with the secretary of state. The import of this assertion is not clear,

and it not explained how a former tenant could recover damages based on some flaw in the landlord's state registration.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Harris's claim against the Granada's owners and employees does not meet this standard. Harris claims the defendants violated his Constitutional rights, and has asserted a §1983 claim,

but the event that triggered his claims happened more than five years ago. The limitations period for a §1983 claim is three years. Harris's claim appears to be facially time barred.

Furthermore, despite its length, the complaint does not actually articulate who did what to Harris, when or why, or how it violated any law, or caused him any damage.

For these reasons, the Motion to proceed *in forma pauperis* is DENIED. Plaintiff shall pay the filing fee or file an amended complaint addressing these deficiencies within 21 days of this Order. The amended complaint should be much shorter, avoid repetition, and include any exhibits at the end, rather than interspersed randomly in the middle of the complaint. It must address the timeliness issue, and articulate plainly how the corporate registration issue amounts is a valid claim for a former tenant to assert. It should also address this court's jurisdiction over his security deposit claim.

If the filing fee, or an amended complaint addressing and correcting these deficiencies is not filed within 21 days, the case will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 16th day of June, 2015.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE