HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STUART J HARRIS,

    Plaintiff,

v.

KEVIN D MCLEOD,

    Defendant.

CASE NO. C15-5392 RBL

ORDER DENYING IFP

THIS MATTER is before the Court on Plaintiff Harris's proposed amended complaint and his application to proceed in forma pauperis. [Dkt. #4] The Court previously denied the IFP application because Harris's proposed complaint failed to invoke this court's jurisdiction over his landlord tenant dispute, failed to state a claim, and was facially time barred. It provided Harris an opportunity to amend his complaint to address these defects. [Dkt. # 3].

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed

ORDER DENYING IFP - 1

1  *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the
2  action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369
3  (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis*
4  complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v.*
5  *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.
6  1984).

7        A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it
8  must nevertheless contain factual assertions sufficient to support a facially plausible claim for
9  relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell*
10 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  A
11 claim for relief is facially plausible when "the plaintiff pleads factual content that allows the
12 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13 *Iqbal*, 556 U.S. at 678.

14       Harris's proposed amended complaint does address the previously-identified deficiencies,
15 and it does not meet the *in forma pauperis* standard.

16       First, the claim is primarily a breach of contract claim related to the failure to return a
17 security deposit, five years ago.  While that claim may be actionable in state court, it does not
18 raise a federal question, and it is facially insufficient to invoke this court's diversity
19 jurisdiction—the parties are not diverse and the amount in controversy on that claim is not
20 plausibly $75,000.  *See* 28 U.S.C. §§ 1331, 1332.

21       Second, Harris does claim that the Defendants "violated his 14th amendment rights" [Dkt.
22 #4 at 2], but as the court indicated in its prior order [Dkt. #3], the limitations period for a §1983

23

24

claim (the only vehicle for seeking relief for a constitutional violation) is three years. It is clear that the claimed violations in this case occurred in 2010, more than five years ago:

> 2.9 On January 19, 2010, Plaintiff was, in a grossly reckless, deliberate and retaliatory manner, in a fraudulent way, blindsided and duped by Defendants and wrongfully and maliciously evicted from his home, the Granada Apartments, which are physically located at 1224 South Yakima Ave #301, Tacoma, Washington 98405, County of Pierce, Washington State.

[Dkt. #4 at 4]. Even if the acts complained of were plausibly a constitutional violation, the time for suing about it expired in January, 2013.

The proposed amended complaint does not, and cannot state a viable claim that invokes this court's jurisdiction. The motion to proceed in forma pauperis is DENIED. The plaintiff shall pay the filing fee within 10 days of the date of this order, or the case will be dismissed. The Plaintiff is CAUTIONED that even if he pays the fee, the claim is subject to dismissal on the court's own motion.

IT IS SO ORDERED.

Dated this 10th day of August, 2015.

*[signature]*

Ronald B. Leighton
United States District Judge