HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STUART J HARRIS,

    Plaintiff,

v.

KEVIN D MCLEOD,

    Defendant.

CASE NO. C15-5392 RBL

ORDER ON MOTION TO RECUSE

THIS MATTER is before the Court on Plaintiff Harris's Motion to Recuse [Dkt. #7]. The Motion follows Harris's two unsuccessful attempts at obtaining *in forma pauperis* status [Dkt. #s 1, 3, 5 and 6].

The Court denied Harris's *in forma pauperis* applications because it does not have subject matter jurisdiction over his state law breach of contract[1] and breach of fiduciary duty claims; the parties are not of diverse citizenship (28 U.S.C. §1332). And while Harris's "14th Amendment claim"—which must necessarily be pursued under 42 U.S.C. §1983—*does* raise a

---

[1] Harris claims, correctly, that he has asserted the elements of a breach of contract claim. The defect in this claim is not substantive, it is jurisdictional. All of the parties are alleged to be residents, and presumably citizens, of Washington. There is no diversity of citizenship, and the amount in controversy is therefore not relevant. *See* 28 U.S.C. §1332.

federal question over which this court would otherwise have original jurisdiction (28 U.S.C. §1331), that claim is facially time-barred; the events giving rise to the claim occurred more than five years before he sought to file his complaint. In this state, a §1983 claim must be commenced within three years.

§1983 itself contains no statute of limitations. Federal courts instead "borrow" §1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

The court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Harris's claims are facially, fatally flawed, and thus frivolous, and he fails to state a claim upon which relief may be granted. He is not entitled to *in forma pauperis* status under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Harris now claims that the Court's analysis is wrong, and therefore that it is biased and prejudiced, and he seeks recusal under 28 U.S.C. §§ 144 and 455, both of which require recusal where the Court has personal bias or prejudice in the case, where the Court's impartiality might reasonably be questioned, or where the Judge has some stake in the case.

**28 U.S.C. §144**:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

**28 U.S.C. § 455**:

 **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

**(b)** He shall also disqualify himself in the following circumstances:

**(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

**(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

**(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

**(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]

1  There is no evidence of bias, or of "prejudice in favor of the adverse party against

2  Plaintiff." The Court has no stake in the case, and there is nothing in the Court's order that

3  would lead a reasonable person to question whether the Court was impartial.

4  Instead, the Court's denial of leave to proceed *in forma pauperis* was and is based solely

5  on the facts alleged in the proposed complaints, and on the law which clearly applies to them.

6  The Court's "caution" to Harris was simply fair warning that, even if he were to pay the filing

7  fee, the defects in his claims would likely still lead to dismissal. The Motion to Recuse is not

8  well-taken.

9  Under GR 8(c), Local Rules W.D. Wash., prior to a ruling on the motion by the chief

10  judge, this Court may "review the motion papers and decide whether to recuse voluntarily."

11  The Court declines to recuse voluntarily.

12  Therefore, pursuant to GR 8(c), the Clerk is directed to **REFER** the Motion to Recuse

13  [Dkt. #7] to Chief Judge Marsha J. Pechman.

14  IT IS SO ORDERED.

15  Dated this 26th day of August, 2015.

                                                Ronald B. Leighton
                                                United States District Judge