UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STUART J HARRIS,<br><br>    Plaintiff,<br><br> v.<br><br>KEVIN D MCLEOD,<br><br>    Defendant. | CASE NO. C15-5392 RBL<br><br>ORDER ON REVIEW OF MOTION FOR RECUSAL |

On August 14, 2015, Plaintiff Stuart Harris filed a request that the judge presiding over his current litigation, the Honorable Ronald B. Leighton, recuse himself from Plaintiff's case. (Dkt. No. 7.) Upon review of the motion, Judge Leighton declined to recuse himself. (Dkt. No. 8.) In accordance with the local rules of this district, Plaintiff's motion was referred to this court for a review of Judge Leighton's refusal to recuse. LCR 3(e).

It appears that Plaintiff has requested the recusal of Judge Leighton because he believes that the unfavorable rulings he has received in his matter (specifically, Judge Leighton's indications that his lawsuit is subject to dismissal on jurisdictional grounds) are evidence that Judge Leighton is biased against him. Pursuant to 28 U.S.C. § 455(a), a judge of the United

States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whethim thime is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

Plaintiff is not entitled to removal of the presiding judge because that judge has not ruled in his favor. If Plaintiff believes that Judge Leighton's rulings are legally erroneous, he is entitled to ask the Ninth Circuit Court of Appeals to overturn those rulings on any legitimate grounds he can articulate; he is not, however, entitled to have Judge Leighton removed from the case because he disagrees with him rulings, nor is Judge Leighton required to remove himself because Plaintiff is not pleased with how he ruled.

A judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under 28 U.S.C. § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties. Bias is almost never established simply because the judge issued an adverse ruling.

In order to overcome this presumption, Plaintiff would have to show that facts outside the record influenced decisions or that the judge's rulings were so irrational that they must be the result of prejudice. Plaintiff alludes very vaguely that "[o]ne or more of the defendants listed in Plaintiff's complaint credibility [*sic*] is of keen interest to Judge Ronald B. Leighton" (Motion to Recuse at 3), but provides no specifics and no proof to corroborate this accusation. A review of the rulings in this matter reveals no orders that are either outlandish or irrational or in any way give rise to an inference of bias.

The Court finds no evidence upon which to reasonably question Judge Leighton's impartiality and AFFIRMS his denial of Plaintiff's request that he recuse himself.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated this 2nd day of September, 2015.

Marsha J. Pechman
United States Chief District Judge

ORDER ON REVIEW OF MOTION FOR
RECUSAL- 3